**Raul CASTELLANOS, Petitioner–Appellant,**

v.

**Suzan HUBBARD, Respondent–Appellee.**

No. 05–17243.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2006.

Filed Sept. 29, 2006.

David M. Porter, Esq., Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Brian R. Means, Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: B. FLETCHER and BERZON, Circuit Judges, and TRAGER *, District Judge.

## MEMORANDUM **

Raul Castellanos appeals from an order issued by the District Court for the Northern District of California denying his petition for a writ of habeas corpus. Castellanos argues that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. We have jurisdiction under 28 U.S.C. § 2253 and affirm the district court's denial of his petition for a writ of habeas corpus.

Given the parties' familiarity with the facts, we do not recount them in detail here. Castellanos suffered a felony conviction for being a felon in possession of a firearm, and the trial court found that he had suffered two prior felony convictions that counted as strikes for purposes of California's Three Strikes law. The state court sentenced Castellanos to a prison term of 25 years to life.

We review *de novo* a district court's denial of a habeas petition. *Reyes v. Brown*, 399 F.3d 964, 966 (9th Cir.2005). Castellanos is entitled to habeas relief if the California Court of Appeal's decision regarding his Eighth Amendment claim was "contrary to, or involved an unreasonable application of, clearly established federal law." *See* 28 U.S.C. § 2254(d)(1). The "only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle." *Lockyer v. Andrade*, 538 U.S. 63, 73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). This principle requires a reviewing court to decide whether the harshness of a particular punishment gives rise to "an inference of gross disproportionality" vis-à-vis the nature of the crime for which a defendant has been sentenced. *Harmelin v. Michigan*, 501 U.S. 957, 1005, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). "[S]uccessful challenges to the proportionality of particular sentences should be exceedingly rare." *Hutto v. Davis*, 454 U.S. 370, 374, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982).

We affirm the district court's order. Although the state of California's sentencing policy under Three Strikes may be not only inhumane but also misguided, under Supreme Court precedent, the facts of this case do not give rise to an inference of gross disproportionality. Castellanos' triggering offense is a firearms offense that the state legislature designated a felony. Cal.Penal Code § 12021; *cf.* 18 U.S.C. §§ 922(g)(1), 924(a)(2) (imposing a 10 year maximum sentence for conviction on a federal felon in possession charge). Unlike the criminal histories in cases in which a sentence has been overturned as grossly disproportionate, Castellanos' past strikes involved violence. *Cf. Solem v. Helm*, 463 U.S. 277, 297, 103 S.Ct. 3001, 77 L.Ed.2d

---

* The Honorable David G. Trager, Senior Judge, United States District Court for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

637 (1983) ("all [of Helm's convictions] were nonviolent and none was a crime against a person"); *Ramirez v. Castro,* 365 F.3d 755, 768 (9th Cir.2004) (Ramirez's strikes "were nonviolent in nature").

We affirm the district court's holding that the California Court of Appeal's rejection of Castellanos' claim was not an objectively unreasonable application of clearly established federal law as determined by the United States Supreme Court. *See Andrade,* 538 U.S. at 77, 123 S.Ct. 1166 (denying habeas relief to a repeat offender whose triggering offense was theft of videotapes worth approximately $150). The state court cited applicable Supreme Court precedent and considered Castellanos' current offense and strike convictions in light of that precedent. The district court judgment is therefore

**AFFIRMED.**